PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1979 Chevrolet C-20 pickup truck struck a culvert on County Route 46, locally designated Laurel Fork, in Spencer, Roane County. County Route 46 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 3:50 p.m. on October 8, 2009. At the location of the incident, County Route 46 is a single-lane gravel road curving downhill to the left. At the bottom of the hill a culvert crosses *233 under Route 46 at a right angle. Claimant Donald Craft testified that the ditches parallel to Route 46, as well as the culvert, had been in a state of disrepair for years. Mr. Craft alleged that when Respondent’s crews would grade the road the grader blade would scrape and cut the culvert, creating sharp, dangerous edges. Claimant testified that he had reported the broken to culvert to Respondent on numerous occasions, and although crews went out to look at the culvert the condition remained the same. At the time of the incident, Claimant was returning to his house after picking his son up from the bus stop when his tire struck the culvert. As a result of this incident, Claimant’ vehicle sustained damage to the front passenger tire in the amount of $195.48. Claimant’s vehicle had liability insurance only.
It is the Claimant’s position that Respondent knew about the exposed and damaged culvert on County Route 46 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain Route 46 prior to the incident.
The position of the Respondent is that it did not have notice of the broken culvert on County Route 46 prior to Claimant’s incident, and that it was not the proximate cause of Claimant’s tire damage. Gary Alvis, Highways Administrator for Respondent in Roane County, testified that he is familiar with County Route 46, a priority four road, as well as the particular culvert in question and he had personally gone out to look at it after the incident in this claim was reported to him in December of2009. Mr. Alvis agreed with the testimony of Claimant that the top of the culvert is damaged, although he contends that the metal curves down and inward and would not have been in a position to cut a tire. Mr. Alvis testified that the culvert pipe is currently nonfunctional and that it is essentially part of the road bed. Respondent considered removing the culvert, but because it is located in bed rock it would require blasting to remove the culvert which would probably expose sharp rock edges which would place the public in even more danger.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent did not have notice of the broken culvert on County Route 46 prior to Claimant’s incident. Furthermore, the Court finds that the evidence failed to establish negligence on the part of Respondent. The Court is of the opinion that the witnesses’ conflicting testimony lead to the conclusion that the proximate cause of Claimant’s damage is speculative. While the Court is sympathetic to Claimant’s plight, the fact remains that there is no evidence of negligence on the part of the Respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.